**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ICONIC ENERGY LLC, an Illinois Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 18-cv-50020 |
| v. | ) ) | |
| SOLAR PERMIT SERVICES, INC., a California Corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

---

## MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO RULE 55 DEFAULT JUDGMENT ON LIABILITY AND OBJECTION TO REPORT AND RECOMMENDATION FOR DEFAULT JUDGMENT ON DAMAGES

---

NOW COMES the Defendant, SOLAR PERMIT SERVICES, INC., a California Corporation, pursuant to Rule 55 of the Federal Rules of Civil Procedure and on the criteria of good cause, quick action to correct default, and meritorious defense to the underlying complaint, states as follows:

### GOOD CAUSE

1.      That attached hereto is the declaration (affidavit substitute) of Nadir Hamudot relative to this matter and is incorporated in this motion by reference thereto.

2.      That the defendant, Solar Permit Services, Inc. is a corporation having a single owner and employee, being Nadir Hamudot.

3. That during the period of time relevant to the service of documents and the entries of the liability judgment by default and the report and recommendation of judgment as to damages, the undersigned's business was in turmoil for the following reasons:

(a) That the corporate location was being moved from 25566 Fox Grove, Corona, California 92883, to 136 Bald Eagle Drive, Vacaville, California 95688;

(b) That during February and March of 2018 Nadir Hamudot, as sole owner and sole employee, was physically doing the move to include packing up the business assets, renting a truck and with the help of family members moving the office from Corona to Vacaville;

(c) That during said period of time, his business was in disarray and he was working very hard to retain his customers;

(d) That during said period of time he was selling his residence in Corona, California, and that transaction closed in the latter part of March, 2018;

(e) That he moved to Vacaville, California during March of 2018 and took up residence with family members, all the time trying to rebuild and increase his business;

(f) That during said period of time he also had lease issues as to the vacated Corona business address;

(g) That during said period of time Iconic Energy, LLC, specifically Jerry Teague Dickey, president, was aware of both Nadir Hamudot's phone numbers and had been given his personal address;

## QUICK ACTION

1. That by USPS tracking number, actual notice of presentment of the motion for default on damages was received on March 23, 2018 at 9:57 a.m., and the hearing on the motion took place on March 29, 2018, which was less than the seven days specified

2

for certified mail or delivery service on the defendant required by Magistrate Judge Iain D. Johnston and the Rules of Civil Procedure;

2.      That upon learning of the report and recommendation of the Magistrate Judge, Nadir Hamudot promptly contacted Attorney Robert A. Fredrickson, who was formally retained on April 11, 2018;

3.      That within 24 hours of said engagement, Attorney Fredrickson examined the record, downloaded the documents in the case, discussed the case with Nadir Hamudot, and filed prior to the report and recommendation deadline a proper objection to said report and recommendation.

## MERITORIOUS DEFENSE

1.      That the undersigned has a meritorious defense for the following reasons:

(a)      That the judgment of default on liability is not a final order and therefore being an interlocutory order is not final or appealable until such time as a judgment concluding the whole case is entered, and that has not occurred to date;

(b)      That the contract attached to the original complaint does not set out any warranty or engineering certifications as to the final operation of the system depicted in the drafting layout/plans created by the defendant;

(c)      That the wiring and installation of the panels was not the responsibility of the defendant;

(d)      That the defendant did not do the wiring or installation of the panels;

(e)      That the defendant did not order or obtain the inverters, or for that matter any materials that were used in the project;

(f)      There is nothing in the contract that would notify or inform the defendant as to the potential consequential damages that could occur if the system failed;

or that defendant was responsible for the engineering design, proper installation of the materials, or certifying materials to be obtained by the plaintiff would be free from defects;

(g)    That the consequential damages in the amount of $786,209.65 on a $5,000 drafting contract is 157 times greater than the contract and not merited by the facts of the case or the contract document related thereto;

(h)    That it appears that when the plaintiff took the documents drafted by the defendant and solicited contractors/subcontractors for the project, they may not have even identified Solar Permit Services, Inc. as the drafter of the layout/plan;

2.    That regardless of the ultimate factual determination as to the responsibility of the drafter of the layout/plan vis-a-vie the responsibility of: (a) the general contractor/plaintiff; (b) the electrical subcontractor; (c) the installer; or (d) the supplier of the inverters, the claim of system failure by reason of inverter failure is challenged and disputed for the following reasons.

3.    That Nadir Hamudot cannot imagine a scenario where:

(a)    the alleged panel failure would not have occurred if the panels were wired correctly and that neither the undersigned nor his company completed, participated, or specified the wiring that was accomplished:

(b)    in the event of an inverter overload, such overload would slow down service but not cause damage to all the panels;

(c)    the system layout noted one inverter for each string of panels (20 panels or less in number), so the failure of an inverter while expected to slow down service at most could damage 20 or less panels; and

(d)    the failure of one inverter in a properly wired series of panels would cause a failure or destruction of all the panels in a project.

WHEREFORE, Defendant prays that the Court vacate the default judgment on liability and that the Court recognize the objection to the report and recommendation of Magistrate Judge Iain D. Johnston and thereby deny entry of judgment for damages and further order a time for the Defendant to answer or otherwise plead to the complaint in said cause.

Dated this  8 ᵗʰ  day of May, 2018.

SOLAR PERMIT SERVICES, INC., a
California Corporation, Defendant.

BY:    RENO & ZAHM LLP

By: _____
       Robert A. Fredrickson

Robert A. Fredrickson (#00868469)
RENO & ZAHM LLP
2902 McFarland Road, Suite 400
Rockford, IL 61107
(815) 987-4050 (Phone)
(815) 987-4092 (Fax)

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

ICONIC ENERGY LLC, an Illinois Limited Liability )
Company,                                         )
                                                 )
                                                 )
                                    Plaintiff,   )
                                                 )    Case No. 18-cv-50020
       v.                                        )
                                                 )
                                                 )
SOLAR PERMIT SERVICES, INC., a California        )
Corporation,                                     )
                                                 )
                                                 )
                                    Defendant.   )

---

## DECLARATION UNDER PENALTY OF PERJURY OF NADIR HAMUDOT RELATIVE TO THE RULE 55 MOTION TO VACATE THE ENTRY OF DEFAULT ON LIABILITY AND OBJECTION TO REPORT AND RECOMMENDATION FOR DEFAULT ON DAMAGES

---

The undersigned, NADIR HAMUDOT, relative to the Rule 55 Motion to Vacate the

Entry of Default on Liability and Objection to Report and Recommendation for Default on

Damages, states and declares as follows:

1.     That the undersigned did not understand the significance of the lawsuit

against the corporation owned by him when he was initially served with the pleadings.

Upon learning that there was a Magistrate Judge's report and recommendation on

damages, he contacted Attorney Robert Fredrickson.

2.     The undersigned states that:

       (a) the corporate address of the defendant changed from 25566 Fox Grove,
Corona, California 92883, to 136 Bald Eagle Drive, Vacaville, California 95688,
and the undersigned received the documents sent by regular mail relative to the

motion to default on damages when a copy of the notice of motion was forwarded to his new company address in early April, 2018;

(b) during February and March, 2018, Nadir Hamudot as the sole owner and sole employee of Solar Permit Services, Inc. was physically doing the move to include packing up all of his business assets, renting a truck, and with the help of family members moving his office from Corona, California to Vacaville, California;

(c) during February/March, 2018, his business was in such disarray that he lost some customers;

(d) during that February/March, 2018 period of time he was also selling his residence in Corona, and the closing on that transaction took place in late March, 2018;

(e) thereafter he moved to Vacaville, California, and he began staying with family members and has been trying to rebuild and increase his business;

(f) during April, 2018 he was faced with a lease issue as to the vacated Corona business location;

(g) the undersigned further notes that he gave to the Iconic Energy LLC president, Jerry Teague Dickey, his home address (and phone number), which would have been a more suitable place to attempt or obtain service on him during said period of time;

(h) the certified mail amended notice confirmed by the USPS tracking number that it was received on March 23, 2018 at 9:57 a.m., which the undersigned believes to be the correct delivery date but does not have a specific recollection of the actual delivery.

3.    That the undersigned's failure to have the corporation respond to the summons and complaint was not intentional and at most was inadvertence by an officer (the undersigned) of the corporation caused by moving his office personally, selling his residence, and trying to maintain and service his customers during a period of extreme commotion and stress occasioned by reason of him moving his business and selling his residence and then moving into a new location (and not acquiring a new house in Vacaville but living with relatives). During said period of time he did not realize the significance of documents he received until he read the report and recommendation of the Magistrate Judge.

4. Upon learning about the report and recommendation of Magistrate Judge Johnston, the undersigned contacted and retained Attorney Robert A. Fredrickson on April 11, 2018. Within 24 hours of said contact, Attorney Fredrickson undertook action to contest the report by filing an objection to the report and recommendation of the Magistrate Judge. Once Attorney Fredrickson was retained, there were phone calls, document review, and discussion on a very expedited basis so that an appropriate objection to the recommendation could be filed, which was filed within the deadline and one day after Attorney Fredrickson was formally engaged and retained.

5. The undersigned further states that his attorney has examined the record, and the receipt of the USPS delivered notice on March 23, 2018 was less than seven days prior to the presentment (on March 29, 2018) of the motion for default on damages.

6. That the undersigned further states that the original contract for drafting services was for the amount of $5,000, and the defendant corporation should not be held for consequential damages that are claimed to be $786,209.65, which is 157 times greater than the contract which is the basis for the claim for damages.

7. That the undersigned has a meritorious defense to not only the contract and consequential damages aspect of the case but also as to liability based on his understanding of plaintiff's claim that a failed inverter caused damage to all the panels in the system because:

      (a)    the alleged panel failure would not have occurred if the panels were wired correctly and that neither the undersigned nor his company completed, participated, or specified the wiring that was accomplished:

      (b)    in the event of an inverter overload, which the undersigned believes was not his responsibility as the drafter of the system layout, such overload would slow down service but not cause damage to all the panels;

3

        (c)     the system design noted one inverter for each string of panels (20 panels or less in number);

        (d)     the failure of an inverter while expected to slow down service at most could damage 20 or less panels; and

        (e)     the undersigned cannot imagine a scenario where the failure of one inverter in a properly wired series of panels would cause a failure or destruction of all the panels in a project.

        8.     That at this stage of this case the entry of default judgment on damages has not even been entered because the defendant corporation by the undersigned through its attorney Robert A. Fredrickson filed an objection to the Magistrate Judge's report and recommendation within the time period specified by the judge as to said report.

        I declare under penalty of perjury that the foregoing is true and correct. Executed on May 8, 2018.

_____5/8/2018_____

Nadir Hamudot

Robert A. Fredrickson (#00868469)
RENO & ZAHM LLP
2902 McFarland Road, Suite 400
Rockford, IL 61107
(815) 987-4050 (Phone)
(815) 987-4092 (Fax)

4