IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ICONIC ENERGY LLC, an Illinois Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 18-cv-50020 ) ) |
| SOLAR PERMIT SERVICES, INC., a California Corporation, | ) ) ) ) |
| Defendant. | ) |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO VACATE ENTRY OF ORDER OF DEFAULT

Defendant, SOLAR PERMIT SERVICES, INC., a California Corporation, pursuant to Rule 55 of the Federal Rules of Civil Procedure, hereby files this Supplemental Memorandum in Support of its Motion to Vacate Entry of the Order of Default, and in support thereof, states as follows:

I. PROCEDURAL HISTORY

On March 16, 2018, Plaintiff, Iconic Energy LLC ("Plaintiff") filed its Motion for Default Judgment. Dkt. 9. On March 29, 2018, the Honorable Iain D. Johnston issued his Report and Recommendations in favor of Plaintiff's Motion for Default Judgment. On May 8, 2018, Defendant, Solar Permit Services, Inc. ("Solar") filed a Motion to Vacate Default Judgment Pursuant to Rule 55 Default Judgment on Liability and Objection to Report and Recommendation for Default Judgment on Damages. Dkt. 24. On June 4, 2018, this Court denied Plaintiff's Motion for Default Judgment and

construed Solar's May 8, 2018 Motion as a Motion to Vacate the Entry of the Order of Default since no default judgment has previously been entered. Dkt. 26. The Court now seeks supplemental briefing on Solar's Motion to Vacate the Entry of the Order of Default with respect to Defendant's failure to Answer the Complaint and the good cause standard under Federal Rule of Civil Procedure 55(c). Dkt. 27.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." "In order to have an entry of default vacated, the moving party must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Sun v. Bd. of Trustees of Univ. of IL, 473 F.3d 799, 809-10 (7th Cir. 2007). "While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "*is more liberally applied in the Rule 55(c) context*." Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009). (Emphasis added).

## III. ARGUMENT

A.  Good Cause

    (i)    *"Good Cause" Standard*

The Seventh Circuit has held that:

> Defaults may be set aside for "good cause." Damages disproportionate to the wrong afford good *cause* for judicial action, even though there was no good *excuse* for the defendant's inattention to the case. Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect."

Sims v. EGA Products, Inc., 475 F.3d 865, 868 (7th Cir. 2007). (Emphasis in Original). This is because the "good cause" standard under Rule 55(c) for setting aside entry of default "must be easier to satisfy" than the good cause under rule 60(b) for setting aside

2

default judgments (which already allows for relief on account of mistake, inadvertence, and excusable neglect). *Sims*, 475 F.3d at 868.

      (ii)    *Solar's "Good Cause" Sufficient Under Seventh Circuit Precedent*

In *Cracco*, the Seventh Circuit affirmed the trial court's vacation of a default order. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625 (7th Cir 2009). The Seventh Circuit found that the defendant received the complaint but that the employee who received it did not understand its significance, resulting in a failure to appear until after an order of default was entered. 559 F.3d at 629. The Seventh Circuit held that such action was tantamount to inadvertence, rather than willfully ignoring the litigation and, while the corporation should have had a better process in place, its inadvertence was enough for the court to find "good cause" under the Rule 55(c) test. 559 F.3d at 631.

Similar to the defendant in *Cracco*, Solar's sole owner and employee, Nadir Hamudot acknowledged receiving Plaintiff's Complaint, but did not understand the significance of the lawsuit against Solar when he initially received the pleadings. Hamudot Affidavit ("Affidavit") Dkt. 25, ¶1.

Further, Mr. Hamudot was in the midst of significant personal and business-related turmoil, which resulted in his failure to respond out of inadvertence, rather than willfully ignoring the Complaint. Affidavit, ¶3. Specifically, during February and March of 2018, Mr. Hamudot was physically moving his business from Corona, California to Vacaville, California, which is a distance of over 400 miles. Affidavit, ¶2(a); See Google Maps Directions, https://www.google.com/maps. During the move, he admitted that his business was in such disarray that he lost some of his customers. Affidavit, ¶2(c). Mr. Hamudot was personally in turmoil after selling his residence in late March of 2018 and living with family members to attempt to get Solar's business back on track. Affidavit,

¶2(d)-(e). Mr. Hamudot's personal and business crisis diverted his attention away from Plaintiff's Complaint and onto his basic needs such as where he was going to live and how he was going to make a living. Affidavit, ¶3. As in *Cracco*, Solar's inadvertence, though not advisable, is sufficient to show good cause for this Court to vacate the entry of default. In fact, this Court, through its June 4, 2018 Order, already found that Solar's failure to respond was the result of inadvertence and not willful disregard for the litigation. See Dkt. 26, p. 5.

In another similar case, *Sims v. EGA Products, Inc.*, the Seventh Circuit affirmed the trial court's set aside of the entry of default. 475 F.3d at 869. The trial court entered a default order against the defendant, who did not appear, despite receiving the Complaint and notice of the entry of default, until after the report and recommendations from the magistrate judge called for damages in the amount of $31 million. 475 F.3d at 866. The Seventh Circuit found that the defendant was fully responsible for its insurance company's failure to appear and there was no excuse given for the failure. 475 F.3d at 869. Despite this finding, the Court affirmed the set aside of the entry of default, reasoning that while the defendant's conduct was negligent and reckless at the worst, delay that imposes slight injury (a few months delay on the litigation) does not call for multi-million-dollar awards. 475 F.3d at 869.

Here, as in *Sims*, there is at worst, only a slight delay in the litigation and no real legal prejudice to Plaintiff. Solar responded in essentially the same timing as the defendant in *Sims* (after the report and recommendation for default judgment was filed). Further, Plaintiff is claiming $786,209.65 in damages from a contract that has an original price of only $5,000. Affidavit, ¶6. Continued entry of default in this matter puts Solar at risk for a penalty far in excess of its brief delay. As in *Sims*, the risk of such an excessive

4

penalty for slight delay is more than sufficient "good cause" for this Court to vacate the entry of Default.

B.   Quick Action

After Solar had relocated, it received the Report and Recommendations filed in this case and took quick action to vacate the entry of default. The Report and Recommendations was entered on March 29, 2018 by the Honorable Judge Iain D. Johnston. Dkt. 16. Solar, relocated in Vacaville, California, received the Report and Recommendations at some point after March 29, 2018 and promptly looked for and hired Illinois counsel on April 11, 2018. Affidavit, ¶4. On April 12, 2018, less than twenty-four hours after Solar retained counsel, Solar, through its counsel, filed an appearance and a timely objection to the Report and Recommendations. Affidavit, ¶4. This Court entered a briefing schedule on the objection to the Report and Recommendations and Solar timely complied with that deadline, including filing the Motion to Vacate the Default. Dkt. 22, 24. See *RBS Citizens, N.A. v. Kinsch*, 2010 WL 2697594, No. 09 C 6096 (N.D. Ill. 2010) (Entry of Order of Default vacated where the defendant took quick action by filing a *pro se* appearance and motion within three weeks of learning of the default and filing an amended motion to vacate, through counsel, approximately two months after learning of the default).

C.   Meritorious Defense

The Seventh Circuit has held that the standard for a "meritorious defense" is a lenient one under Rule 55(c). *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). In *Cracco*, the defendant, Plaintiff's employer, asserted only that it was not liable because it did not retaliate against Plaintiff, rather, it terminated his employment for cause. 559 F.3d at 631. The court noted that the defendant "did not provide any details

5

about the facts supporting its decision to terminate [the plaintiff]" but nonetheless, found that the asserted defense was enough to meet the "meritorious defense" test. 559 F.3d at 631. The court reasoned that it was sufficient that the defendant "notified the plaintiff and the district court of the nature of [the defendant's] defense and provided the factual basis for that defense." 559 F.3d at 631.

In this case, Plaintiff claims that its solar panel system was damaged as a result of Solar's allegedly faulty design plans. See Complaint, Dkt. 3. Solar asserts, through Hamudot's Affidavit and its Motion to Vacate, specific and substantive defenses that give notice of the nature of the defenses and the factual basis for same.

Specifically, Solar asserts:

(a) That the contract attached to the original complaint does not set out any warranty or engineering certifications as to the final operation of the system depicted in the drafting layout/plans created by the defendant;

(b) That the wiring and installation of the panels was not the responsibility of the defendant;

(c) That the defendant did not do the wiring or installation of the panels;

(d) That the defendant did not order or obtain the inverters, or for that matter any materials that were used in the project;

(e) There is nothing in the contract that would notify or inform the defendant as to the potential consequential damages that could occur if the system failed; or that defendant was responsible for the engineering design, proper installation of the materials, or certifying materials to be obtained by the plaintiff would be free from defects;

(f) That the consequential damages in the amount of $786,209.65 on a $5,000 drafting contract is 157 times greater than the contract and not merited by the facts of the case or the contract document related thereto;

(g) That it appears that when the plaintiff took the documents drafted by the defendant and solicited contractors/subcontractors for the project, they may not have even identified Solar Permit Services, Inc. as the drafter of the layout/plan;

(h) That regardless of the ultimate factual determination as to the responsibility of the drafter of the layout/plan vis-a-vie the responsibility of: (a) the general contractor/plaintiff; (b) the electrical subcontractor; (c) the installer; or (d) the supplier of the inverters, the claim of system failure by reason of inverter failure is challenged and disputed because Nadir Hamudot cannot imagine a scenario where:

(i) the alleged panel failure would not have occurred if the panels were wired correctly and that neither the undersigned nor his company completed, participated, or specified the wiring that was accomplished:

(ii) in the event of an inverter overload, such overload would slow down service but not cause damage to all the panels;

(iii) the system layout noted one inverter for each string of panels (20 panels or less in number), so the failure of an inverter while expected to slow down service at most could damage 20 or less panels; and

(iv) the failure of one inverter in a properly wired series of panels would cause a failure or destruction of all the panels in a project.

Solar has gone above and beyond the "lenient standard" required to show a meritorious defense. Further, to prove the defectiveness and/or defend the adequacy of

7

the solar panel plans, both parties will likely need expert witnesses, making liability a real issue, as opposed to a claim involving an unpaid invoice or simple collection.

D.   Responding to the Complaint

Initially, Solar attempted to meet the immediate need of objecting to the Report and Recommendation, followed by preparing and filing the Motion to Vacate. On June 4, 2018, the Court sustained Solar's Objections and denied Plaintiff's Motion for Default Judgment. Now, Solar has prepared an Answer to the Complaint and such Answer has been filed contemporaneously with this Supplemental Memorandum. An answer had not been filed as to the complaint following the entry of appearance by counsel for the defendant prior to this time because the liability default was and still is in effect. Defendant assumed that if the court granted defendant's motion to vacate the liability default, the court would then specify a time for the defendant to answer or otherwise plead. The defendant has filed an answer to the complaint to address the liability allegations at issue if the liability default order is vacated. Solar has fully engaged in defending itself and has shown it has not willfully disregarded this litigation, after only a brief delay due to inadvertence. This litigation can continue on without further delay and no prejudice to Plaintiff. Thus, this Court's Order of Default should be vacated.

## IV. CONCLUSION

For all of the above-stated reasons, this Court should vacate the entry of the Order of Default and allow Defendant to proceed to defend itself against Plaintiff's claim.

Dated this 18th day of June, 2018.

SOLAR PERMIT SERVICES, INC., a California Corporation, Defendant.

BY:    RENO & ZAHM LLP

By: _/s/ Robert A. Fredrickson_
      Robert A. Fredrickson

Robert A. Fredrickson (#00868469)
RENO & ZAHM LLP
2902 McFarland Road, Suite 400
Rockford, IL 61107
(815) 987-4050 (Phone)
(815) 987-4092 (Fax)

9