UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ICONIC ENERGY LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 18 CV 50020 |
| v. | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| SOLAR PERMIT SERVICES, INC., | ) | |
|     Defendant. | ) | |

**ORDER**

On the defendant's motion to vacate entry of default [24], it is this Court's Report and Recommendation that the motion be granted, and that the Clerk be directed to vacate the entry of default, Dkt. 8, contingent on the defendant's payment of the reasonable fees and costs the plaintiff incurred as a result of the default. By August 13, 2018, plaintiff's counsel shall file a statement of the reasonable fees and costs incurred as detailed below and supported by affidavit and exhibits. The Court notes that the defendant already answered. Dkt. 28. Any objection must be filed by August 17, 2018. Failure to object may constitute a waiver of objections on appeal. See *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989). A status hearing will be set after the district court's resolution of this Report and Recommendation.

**STATEMENT**

Plaintiff Iconic Energy LLC alleges that defendant Solar Permit Services, Inc. breached the parties' contract by furnishing defective plans with improper wiring configurations. Although Iconic Energy paid $5,000 for the plans, the improper wiring allegedly ruined its new solar panels and inverters, which cost $786,209.65 to replace.

This Court previously directed the clerk to enter an order of default against defendant Solar Permit after Iconic Energy properly served it, but it failed to timely answer the complaint. Dkt. 7. Iconic Energy then moved for a default judgment, served the motion consistent with the Court's standing order on default judgments, and the Court issued a Report and Recommendation that United States District Judge Kapala grant the motion after Solar Permit failed to appear at the hearing or in any other way object to the motion or signal an intent to participate in the litigation. Dkt. 16. After entry of the Report and Recommendation, for the first time Solar Permit participated in the litigation when its counsel filed an appearance, objection to the Report and Recommendation, and what Judge Kapala construed to be a motion to set aside the entry of the order of default. After briefing, Judge Kapala rejected the Report and Recommendation that the motion for a default judgment be granted, and left the motion to vacate the entry of the order of default for this Court to decide in the first instance. This Court ordered briefing on the motion to vacate, which is now complete.

Solar Permit's motion to vacate the entry of default is governed by Federal Rule of Civil Procedure 55(c). Under that rule, a party seeking to set aside the entry of an order of default must show each of the following: "'(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). Whether to set aside an order of default is left to the discretion of the district court. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). In exercising that discretion, courts must be mindful of the policy favoring the resolution of the merits of a case by trial rather than through a default, and the resulting leniency the Seventh Circuit has established under Rule 55(c). *Cracco*, 559 F.3d at 631.

Solar Permit asserts that it has established good cause because its failure to timely answer the complaint was the result of inadvertence rather than willful ignorance. According to Solar Permit, Nadir Hamudot is the sole owner, employee, and the registered agent of Solar Permit. During February and March 2018, Mr. Hamudot moved the offices of Solar Permit from Corona, California, to Vacaville, California, about 400 miles away. Mr. Hamudot states in a declaration attached to the motion to vacate that he packed up the business, rented a truck, and moved offices himself, and during that time "his business was in such disarray that he lost some customers." Dkt. 24 Ex. 1 ¶ 2(c). At the same time, he was selling his own residence in Corona and moved in with family members in Vacaville. *Id.* ¶¶ 2(d, e).

Mr. Hamudot acknowledges being served with the summons and complaint on February 15, 2018, while still at Solar Permit's Corona, California address. But he does not recall receiving the later mailings, including the notice of the presentment of the motion for a default judgment, which according to the postal tracking number was delivered to the Corona address on March 23, 2018. He did, however, take note of this Court's Report and Recommendation mailed on March 29, 2018. Although that order was also mailed to the Corona address, Mr. Hamudot received it at the company's new Vacaville address in early April after the letter was forwarded.

Mr. Hamudot contends that he acted promptly after receiving the Report and Recommendation. He contacted defense counsel Robert Fredrickson on April 11, 2018, and the following day Mr. Fredrickson filed objections to the Report and Recommendation.

Parties are not free to ignore court-imposed deadlines such as the deadline to answer a complaint, and a litigant who "unilaterally decides to march to the beat of its own drum" does so at its own peril. *Central Ill. Carpenters Health & Welfare Trust Fund v. Con-Tech Carpentry, LLC*, No. 15-1269, 2015 U.S. App. LEXIS 20390 at *4 (7th Cir. Nov. 24, 2015) (affirming denial of motion seeking relief from default judgment). However, according to Solar Permit its failure to timely answer the complaint was not the result of a conscious decision but, rather, inadvertence due to Mr. Hamudot's preoccupation with moving both his company and himself from Corona to Vacaville. In *Cracco*, the defendant's registered agent neglected to properly forward service of process to the correct employee, with the result that an order of default was entered against the defendant. *Cracco*, 559 F.3d at 631. The Seventh Circuit affirmed the district court's decision that good cause supported setting aside the order of default because the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence." *Id.* Similarly, Solar Permit contends that its

failure to answer is attributable to the commotion surrounding its move rather than a decision to ignore the litigation.

In response, plaintiff's counsel notes that the defendant never notified the Court of its move or new address. But there is no indication that the defendant was attempting to evade its obligations by failing to notify the court of its new address. Rather, it appears to be another product of its inattention rather than intent to ignore the litigation. "[I]n the absence of a showing of wilfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment." *Christensen v. Adams*, 251 F.R.D. 358, 360 (S.D. Ill. 2008).

Next, it appears the defendant acted quickly to correct its error. According to the defendant, its first notice it took of this case post-move was its receipt in early April of the Report and Recommendation. Within days it retained counsel, and the day after being retained counsel filed an objection to the Report and Recommendation. Defendants who acted within similar lengths of time have been found to have acted quickly. *See Cracco*, 559 F.3d at 631 (motion filed within eight days); *Central Ill. Carpenters Health & Welfare Trust Fund v. Rice Equip. Co.,* No. 14 CV 3390, 2015 U.S. Dist. LEXIS 92214, at *8 (D.C. Ill. July 15, 2015) (motion filed within 19 days). Solar Permit therefore acted within a reasonable time.

Finally, Solar Permit must show that it has a meritorious defense to the plaintiff's breach of contract claims. Solar Permit argues its meritorious defenses include that it did not perform the wiring or installation that damaged the solar panels and inverters, the panels and inverters would not have failed if wired as specified, and even if the inverters failed due to improper wiring the inverter overload would not have damaged all of the solar panels. Solar Permit further argues that the terms of the contract would not permit consequential damages 157 times greater than the $5,000 drafting fee. If true, these assertions could support a meritorious defense to the plaintiff's allegations, and therefore Solar Permit has also satisfied the final element under Rule 55(c).

Solar Permit has established all three elements under Rule 55(c), and it is therefore this Court's Report and Recommendation to the district court that the motion to set aside the entry of default be granted. However, Solar Permit's conduct caused actual prejudice to the plaintiff, who filed a motion for entry of an order of default, Dkt. 6, a motion for default judgment, Dkt. 9, appeared in court for the hearing on the motion for a default judgment, Dkt. 16, responded to the defendant's objection to this Court's Report and Recommendation that default judgment be entered, Dkt. 23, and then responded to the motion to vacate the entry of default, Dkt. 39, none of which would have been required had Solar Permit timely appeared. The Seventh Circuit has recognized than even where the drastic sanction of the entry of default is not warranted, an award of sanctions such as attorneys' fees may be. *See C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984) ("defaults should be entered only when absolutely necessary, such as where less drastic sanctions have proven unavailing."). Accordingly, it is this Court's further Report and Recommendation that setting aside default be contingent on the defendant paying the reasonable attorneys' fees and costs incurred in preparing the documents listed above and appearing in court on March 29, 2018, on the motion for a

default judgment. By August 13, 2018, plaintiff's counsel shall file a statement of the reasonable fees and costs incurred supported by affidavit and exhibits.

Iconic Energy has until August 17, 2018 to file an objection to this Report and Recommendation. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Date: August 3, 2018   By: _____
                            Iain D. Johnston
                            United States Magistrate Judge